Citation Nr: 1504666 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 09-44 864 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Susan Krunic, Associate Counsel



INTRODUCTION

The Veteran served on active duty from July 1969 to February 1971. He served in the Republic of Vietnam from January 1970 to February 1971. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

In the May 2008 decision, the RO denied service connection for hearing loss and tinnitus. In a September 2012 rating decision, the RO granted service connection for tinnitus; the Veteran has not challenged any aspect of this decision. Thus, the Board finds that the claim for entitlement to service connection for tinnitus is no longer in appellate status, and no further consideration is necessary.

The Board remanded the case in August 2011 and June 2014 for additional development. The case has since been returned to the Board for further appellate action. 

This appeal was processed using the Veterans Benefits Appeals Management System (VBMS) and the Virtual VA electronic claims file which contains a pertinent February 2014 brief from the Veteran's representative. 


FINDING OF FACT

The Veteran's bilateral hearing loss is related to his active service.


CONCLUSION OF LAW

Bilateral hearing loss was incurred in service. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.385 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

First, the Veteran has a current diagnosis of bilateral hearing loss which meets the requirements of 38 C.F.R. § 3.385. See January 2008 and August 2011 VA examinations. Second, there is an in-service event and noise exposure. The Veteran contends that his current hearing loss is the result of a 1970 blast injury from a mortar attack on his bunker; he has indicated that he has not experienced significant post-service noise exposure. See October 2007 private medical record. The Veteran's service records show that his military occupation specialty was a medic with an engineering battalion. Significantly, the RO granted service connection for tinnitus based on the Veteran's report of in-service acoustic trauma from a 1970 blast injury and the subsequent onset of tinnitus symptoms during active service. His competent and credible reports of in-service noise exposure are thus consistent with the circumstances of his service. See 38 U.S.C.A. § 1154 (West 2014). Accordingly, the Board finds there is a current disability and in-service event.

Third, the dispositive issue is whether there is a relationship between this current disorder and in-service noise exposure. There are multiple medical opinions in this regard.

In an October 2007 submission, a private audiologist noted the Veteran's history of limited occupational noise exposure in construction as a young man. The Veteran has denied recreational noise exposure. Moreover, the Veteran provided a history of episodes of concussive noise exposure that resulted in bleeding from both ears and a temporary threshold shifts and tinnitus. The audiologist opined that the Veteran's current audiologic test results were indicative of a high frequency hearing loss and his military experience would certainly be a contributing factor given his history. 

In a January 2008 VA examination report, the examiner noted a detailed history of the Veteran's in-service and post-service noise exposure. However, the VA examiner failed to provide a nexus opinion. 

An August 2011 VA examiner reviewed the claims file and examined the Veteran. The examiner noted the Veteran's reported in-service incident of bleeding in the ears and other noise exposure, his history of occupational noise exposure, and his denial of recreational noise exposure. The examiner stated that the threshold shift documented at separation in February 1971 was not significant. The examiner opined that the Veteran's hearing loss was less likely than not related to service because he had normal hearing at enlistment and separation. 

A July 2014 VA examiner reviewed the claims file and provided a negative nexus opinion based on the premise of normal hearing at separation. However, she clarified that the threshold shift noted at separation was not indicative of in-service noise injury because the shifts were significant only with respect to the lower frequencies below 1000 Hz. The examiner explained that frequencies susceptible to noise injury primarily occur in the 2000 Hz and higher frequencies. Accordingly, the examiner determined that there were no significant threshold shifts found within this higher frequency range in either ear. The VA examiner also noted that it is plausible that the Veteran sustained a temporary threshold shift following a mortar attack on his bunker in 1970. However, she concluded that there is no objective evidence of a temporary shift following an acoustic trauma in the service records and in any event, the Veteran's hearing was normal at separation which indicated that any temporary shift would have resolved by separation as the Veteran had normal hearing at the time. 

In a July 2014 statement, a private physician opined that the Veteran's bilateral hearing loss fits a history of a blast injury while in Vietnam. The physician noted the Veteran's significant ear trauma in Vietnam with bleeding in his ears. The examiner noted that the testing showed a normal dropping to severe hearing loss involving both ears, coming back up to moderate in the high frequency in a pattern consistent with noise trauma. The examiner finally noted that the mid frequency drop is consistent with the type of blast history he described in Vietnam. 

The Board finds that the evidence of record regarding the relationship of hearing loss to service is in equipoise; accordingly, the claim is granted. The 2007 private audiologist's opinion is not granted significant probative weight as it is speculative. See Bloom v. West, 12 Vet. App. 185, 186-87 (1999). The 2008 VA examiner provided no nexus opinion. The 2011 VA examiner relied only on the lack of documented hearing loss at hearing discharge; this opinion is also not provided any significant probative weight. See 38 C.F.R. § 3.303(d) (2013); Hensley v. Brown, 5 Vet. App. 155, 159 (1993). The 2014 VA and private examiners provided opposing opinions based upon knowledge of the relevant facts and their examination of the medical evidence, to include the pattern of the hearing loss. Accordingly, and with application of the reasonable doubt doctrine, the evidence is in equipoise and the criteria for service connection are met. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Service connection for bilateral hearing loss is granted.



____________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs